UNITED STATES of America, Plaintiff–Appellee,

v.

Alejandro Felix RODRIGUEZ–PECINA, Defendant–Appellant.

No. 05–40091.
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Jan. 30, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and WIENER and DeMOSS, Circuit Judges.

PER CURIAM: *

Defendant–Appellant Alejandro Felix Rodriguez–Pecina ("Rodriguez–Pecina") appeals his conviction and sentence for illegal reentry after a previous deportation. Rodriguez–Pecina argues that the district court reversibly erred under *United States v. Booker*, 543 U.S. 220, 125 S.Ct.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

738, 160 L.Ed.2d 621 (2005), by sentencing him pursuant to a mandatory application of the sentencing guidelines.

There was no *"Booker"* error or Sixth Amendment violation because the only enhancement to Rodriguez–Pecina's sentence was for his prior conviction. *See Booker,* 125 S.Ct. at 756, 769. Nevertheless, the district court committed *"Fanfan"* error by sentencing Rodriguez–Pecina pursuant to a mandatory guidelines system. *See United States v. Walters,* 418 F.3d 461, 463–64 (5th Cir.2005). A *Fanfan* error is not structural error. *See United States v. Martinez–Lugo,* 411 F.3d 597, 601 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 464, 163 L.Ed.2d 352 (2005). The government concedes that Rodriguez–Pecina preserved his *Fanfan* claim, so we review the claim for harmless error. *See Walters,* 418 F.3d at 464. There is no indication in the record that the district court would have imposed the same sentence had the guidelines been advisory rather than mandatory. Accordingly, we vacate the sentence and remand for resentencing in accordance with *Booker.*

Rodriguez–Pecina also contends that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional on their face and as applied in his case in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Rodriguez–Pecina's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Rodriguez–Pecina contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.),

*cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Rodriguez–Pecina properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review. Accordingly, Rodriguez–Pecina's conviction is AFFIRMED.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.