United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 10, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41713
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS CARRASCO-CASTRO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1163-1
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jose Luis Carrasco-Castro appeals the 30-month sentence imposed following his guilty-plea conviction of illegally reentering the United States after deportation, in violation of 8 U.S.C. § 1326. Carrasco-Castro argues that his sentence should be vacated and remanded because the district court sentenced him under a mandatory Guideline scheme held unconstitutional in United States v. Booker, 125 S. Ct. 738 (2005). The Government concedes that error occurred, but it notes that the error was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

nonconstitutional in nature and argues that the error was harmless.

Because Carrasco-Castro preserved his "Fanfan" challenge in the district court by raising an objection based on Blakely v. Washington, 124 S. Ct. 2531 (2004), we review for harmless error. United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005). The Government bears the burden of proving beyond a reasonable doubt that the district court would not have sentenced Carrasco-Castro differently under an advisory guideline sentencing regime. See id. at 464.

The instant record fails to provide clear commentary from the district court regarding whether it would have imposed the same sentence in a post-Booker environment. See id. The Government thus has not carried its burden of showing harmless error. See id. We therefore remand Carrasco-Castro's case for resentencing.

Carrasco-Castro challenges the constitutionality of 8 U.S.C. § 1326(b). His constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Carrasco-Castro contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.),

<u>cert. denied</u>, 126 S. Ct. 298 (2005).  Carrasco-Castro properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.