United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 10, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40026
Summary Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

FERNANDO CARMONA-CALDERON,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-860-1
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Fernando Carmona-Calderon appeals his sentence under 8 U.S.C. § 1326(a) and (b) for illegal reentry into the United States after having been deported following conviction for an aggravated felony. He asserts two bases for the appeal.

First, Carmona-Calderon asserts that the district court's belief at the time of sentencing that the United States Sentencing Guidelines were mandatory, rather than advisory, requires reversal by this court under United States v. Booker,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

125 S. Ct. 738 (2005).  Because Carmona-Calderon preserved the Fanfan error in the district court, we apply a harmless error standard of review.  See United States v. Mares, 402 F.3d 511, 520 n.9 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

The Government has not met its burden of proving that the district judge would have imposed the same sentence under an advisory guidelines regime.  See United States v. Walters, 418 F.3d 461, 463-65 (5th Cir. 2005).  Carmona-Calderon's sentence is thus vacated, and the case is remanded to the district court for resentencing in accordance with Booker.

Carmona-Calderon also maintains that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional.  This issue is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Carmona-Calderon contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule it in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Carmona-Calderon properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED IN PART, VACATED IN PART AND REMANDED.