United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41398
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILBER GONZALEZ-RIBERA,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-512-ALL
---------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Wilber Gonzalez-Ribera appeals his sentence following his
guilty-plea conviction for being a previously deported alien
found illegally in the United States. Gonzalez-Ribera argues
that the district court's enhancement of his sentence under
U.S.S.G. § 2L1.2(b)(1)(C) violated United States v. Booker, 125
S. Ct. 738 (2005). He argues that the district court's
sentencing error was structural and so prejudice should be
presumed. We have explicitly rejected the argument that such an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

error is a "structural" one for which prejudice should be presumed. See United States v. Martinez-Lugo, 411 F.3d 597, 601 (5th Cir.), cert. denied, 126 S. Ct. 464 (2005).

Alternatively, Gonzalez-Ribera argues that the Government cannot show beyond a reasonable doubt that the district court would have imposed the same sentence if the Sentencing Guidelines had been advisory. Because Gonzalez-Ribera preserved his "Fanfan" challenge in the district court by raising an objection based on Blakely v. Washington, 542 U.S. 296 (2004), we review for harmless error. See United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005). The imposition of Gonzalez-Ribera's sentence under the then-mandatory guideline sentencing regime constitutes error, and the Government thus bears the burden of proving beyond a reasonable doubt that the district court would not have sentenced Gonzalez-Ribera differently under an advisory guideline sentencing regime. See id. at 464.

The district court's comments at sentencing, read as a whole, do not establish the Government's burden of proving beyond a reasonable doubt that the district court would not have sentenced Gonzalez-Ribera differently under an advisory guideline sentencing regime. See id. Accordingly, Gonzalez-Ribera's sentence is vacated and the case remanded to the district court for resentencing.

Gonzalez-Ribera also argues that the statutory maximum sentence in his case was two years because he pleaded guilty to

simple illegal reentry under 8 U.S.C. § 1326(a) and not the twenty-year maximum sentence contained in 8 U.S.C. § 1326(b). He acknowledges that his argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998).

The Supreme Court has not overruled <u>Almendarez-Torres</u>, and this court must follow <u>Almendarez-Torres</u> "'unless and until the Supreme Court itself determines to overrule it.'" <u>United States v. Mancia-Perez</u>, 331 F.3d 464, 470 (5th Cir. 2003) (citation omitted). Thus, as Gonzalez-Ribera concedes, his argument is foreclosed.

CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.