United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 15, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41399
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTURO RAFAEL PUENTE-SOLIS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-880-ALL
--------------------

Before SMITH, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Arturo Rafael Puente-Solis pleaded guilty to attempted re-entry of a deported alien in violation of 8 U.S.C. § 1326 and was sentenced to 62 months of imprisonment and three years of supervised release.

Puente-Solis's constitutional challenge to 8 U.S.C. § 1326 is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Puente-Solis contends that Almendarez-Torres was incorrectly decided and that a majority of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding.  <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Puente-Solis properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.  Accordingly, Puente-Solis's conviction is AFFIRMED.

Puente-Solis contends that his sentence must be vacated because he was sentenced pursuant to mandatory sentencing guidelines that were held unconstitutional in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005).  He asserts that the error is structural and is insusceptible of harmless error analysis.  Contrary to Puente-Solis's contention, we have previously rejected this specific argument.  <u>See</u> <u>United States v. Walters</u>, 418 F.3d 461, 463 (5th Cir. 2005).

In the alternative, Puente-Solis contends that the Government cannot show that the <u>Fanfan</u> error was harmless.  We review Puente-Solis's preserved challenge to his sentence for harmless error under FED. R. CRIM. P. 52(a).  <u>Walters</u>, 418 F.3d at 463.

Puente-Solis was sentenced at the middle of the guideline range, and the district court provided no commentary regarding the sentence that it imposed.  The record provides no indication,

and the Government has not shown, that the district court would not have sentenced Puente-Solis differently under an advisory guidelines system.  See United States v. Garza, 429 F.3d 165, 170-71 (5th Cir. 2005).  Accordingly, Puente-Solis's sentence is VACATED, and his case is REMANDED for further proceedings consistent with this opinion.

CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.