**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 16, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41231
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUBEN SANCHEZ HERNANDEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-329-ALL
--------------------

Before JONES, Chief Judge, and BARKSDALE and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

Ruben Sanchez-Hernandez (Sanchez) pleaded guilty to illegal
reentry after deportation and was sentenced to 57 months of
imprisonment, three years of supervised release, and a $100 special
assessment that was ordered remitted on the Government's motion.

Sanchez argues that the district court committed reversible
error when it sentenced him pursuant to the mandatory federal
Sentencing Guidelines system held unconstitutional in United States
v. Booker, 543 U.S. 220 (2005). The erroneous application of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

guidelines as mandatory is technically a "Fanfan error." See United States v. Martinez-Lugo, 411 F.3d 597, 600 (5th Cir.), cert. denied, 126 S. Ct. 464 (2005). The Government concedes that Sanchez preserved his Fanfan claim for appeal and that the issue is reviewed for harmless error. See United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005).

Sanchez argues that he is entitled to resentencing because application of the Sentencing Guidelines as mandatory constituted structural error. However, this issue is foreclosed. See id. Sanchez also contends that the record does not disclose that the district court's error was harmless beyond a reasonable doubt. The Government argues that any error by the district court was harmless. However, in support of this assertion, the Government contends only that the district court acted reasonably in taking into account the Sentencing Guidelines and the presentence report when it sentenced Sanchez. The sentencing transcript is silent with regard to whether the district court would have applied the same sentence had the Guidelines been advisory only. Furthermore, Sanchez's 57-month term of imprisonment is at the bottom of the applicable guideline range. Under such circumstances, the Government has not met its burden of proving the error harmless beyond a reasonable doubt. See id. We therefore VACATE the sentence and REMAND for resentencing in accordance with Booker.

Sanchez's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).

2

Although Sanchez contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Sanchez properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review. The judgment of conviction is AFFIRMED.

**CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.**