**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Jose Roberto MEJIA–MEDINA,**
**Defendant–Appellant.**

**No. 04–41283.**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 21, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, Mark Michael

**994**

Dowd, U.S. Attorney's Office Southern District of Texas, Brownsville, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Philip G. Gallagher, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, WIENER and DeMOSS, Circuit Judges.

PER CURIAM: *

Jose Roberto Mejia–Medina (Mejia) appeals his sentence following his guilty plea conviction for illegal reentry. Mejia argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Mejia's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Mejia contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Mejia properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

Mejia also argues that the district court reversibly erred under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), by sentencing him pursuant to a mandatory application of the federal Sentencing Guidelines. The Government concedes that Mejia has preserved this issue for appeal. The Government, however, has not shown beyond a reasonable doubt that the error was harmless. *See United States v. Walters,* 418 F.3d 461, 463–64 (5th Cir.2005). Accordingly, Mejia's sentence is VACATED, and this case is REMANDED for resentencing.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.