United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41460
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO ALONSO GALAN-DE LA TORRE, also known as Fernando Gomez-
Torres,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-302-ALL
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Pedro Alonso Galan-De La Torre appeals his conviction and
sentence for illegal reentry. Galan challenges the
constitutionality of 8 U.S.C. § 1326(b)(1), (2) and,
additionally, the district court's application of the mandatory
Sentencing Guidelines.

Galan's constitutional challenge is foreclosed by
Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).
Although Galan contends that Almendarez-Torres was incorrectly

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Galan properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Galan also contends that the district court erred in sentencing him pursuant to the mandatory Guidelines regime held unconstitutional in United States v. Booker, 125 S. Ct. 738, 764-65 (2005). The Government concedes that Galan has preserved his claim of error. The sentencing transcript is devoid of evidence that the district court would have imposed the same sentence under an advisory regime, and, therefore, the Government has not borne its burden of establishing beyond a reasonable doubt that the district court's error was harmless. See United States v. Walters, 418 F.3d 461, 464 (5th Cir. 2005). Thus, Galan's sentence is VACATED, and the case is REMANDED for further proceedings. See id. at 466.