United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 22, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41374
Summary Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

NICOLAS NUNEZ-MUNOZ,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-547-ALL
--------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:*

     Nicolas Nunez-Munoz (Nunez) appeals his conviction and

sentence for illegal reentry after a previous deportation.  Nunez

argues that the district reversibly erred under United States v.

Booker, 125 S. Ct. 738 (2005), by sentencing him pursuant to a

mandatory application of the Sentencing Guidelines.

     There was no "Booker" error or Sixth Amendment violation

because the only enhancement to Nunez's sentence was for his

prior conviction.  See Booker, 125 S. Ct. at 756, 769.

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Nevertheless, the district court committed "<u>Fanfan</u>" error by sentencing Nunez pursuant to a mandatory guidelines scheme. <u>See</u> <u>United States v. Walters</u>, 418 F.3d 461, 463-64 (5th Cir. 2005). We have previously rejected Nunez's claim that such error is "'structural' in nature." <u>See</u> <u>id.</u> at 463.

The Government concedes that Nunez preserved his <u>Fanfan</u> argument. As such, this court reviews the claim for harmless error. <u>See</u> <u>id.</u> at 464. There is no indication in the record that the district court would have imposed the same sentence had the guidelines been advisory rather than mandatory. Accordingly, we vacate the sentence and remand for resentencing in accordance with <u>Booker</u>.

Nunez next argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional on their face and as applied in his case in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). Nunez's constitutional challenge is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998). Although Nunez contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi</u>, we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert.</u> <u>denied</u>, 126 S. Ct. 298 (2005). Nunez properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit

precedent, but he raises it here to preserve it for further review.  Accordingly, Nunez's conviction is affirmed.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.