United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 22, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41544
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VALENTIN MENDOZA-CONTRERAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1242-ALL
--------------------

Before KING, DeMOSS and PRADO, Circuit Judges.

PER CURIAM:[*]

Valentin Mendoza-Contreras (Mendoza) pleaded guilty to unlawfully re-entering the United States in violation of 8 U.S.C. § 1326(a). Citing <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), Mendoza first challenges the district court's imposition of a 16-level enhancement for a prior felony conviction pursuant to U.S.S.G. § 2L1.2. Although an enhancement based on a prior conviction does not violate the Sixth Amendment, the application of the Guidelines as mandatory was error, which we have termed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"Fanfan" error. See United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005). As Mendoza preserved the error, we review for harmless error, and we reject Mendoza's contention that "Fanfan" error is structural and, therefore, insusceptible of harmless error analysis. See id. at 463-64.

The Government has failed to carry its burden of showing harmless error as it has failed to point to anything in the record that demonstrates "beyond a reasonable doubt that the district court would not have sentenced [Mendoza] differently had it acted under an advisory Guidelines regime." United States v. Akpan, 407 F.3d 360, 377 (5th Cir. 2005). The fact that, as the Government argues, the district court imposed a sentence in the middle of the Guidelines, took into account the appropriate sentencing factors, and considered imposing a higher sentence sheds little light on what the district court would have done under an advisory Guidelines system. See, e.g., United States v. Garza, 429 F.3d 165, 170-71 (5th Cir. 2005). To the contrary, the sentence may simply reflect what the district court believed was an appropriate sentence within the then-mandatory Guidelines framework. See id.

Mendoza also asserts that the enhanced penalty provisions of 8 U.S.C. § 1362(b) are unconstitutional. Mendoza's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Mendoza contends that Almendarez-Torres was incorrectly decided and that

a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding.  <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Mendoza properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

For the foregoing reasons, we AFFIRM Mendoza's conviction. We VACATE his sentence and REMAND to the district court for re-sentencing.