United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 22, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40099
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MAURICIO EGARDO TEJADA-CALDERON,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1410-1
---------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Mauricio Egardo Tejada-Calderon (Tejada) his guilty-plea
conviction and sentence for illegal reentry, in violation of 8
U.S.C. § 1326(b)(1)&(2).  He argues that the district court erred
in sentencing him under the mandatory Sentencing Guidelines
regime held unconstitutional in United States v. Booker, 125
S. Ct. 738, 764-65 (2005).  The sentencing transcript is devoid
of evidence that the district court would have imposed the same
sentence under an advisory regime, and, therefore, the Government

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

has not borne its burden of establishing beyond a reasonable doubt that the district court's error was harmless.  See United States v. Walters, 418 F.3d 461, 464 (5th Cir. 2005). Accordingly, Tejada's sentence is VACATED, and the case is REMANDED for further proceedings.  See id. at 466.

Because we vacate Tejada's sentence and remand for resentencing under an advisory guidelines scheme, we do not reach the other claims of sentencing error that Tejada raises.  See United States v. Akpan, 407 F.3d 360, 377 n. 62 (5th Cir. 2005). To the extent that Tejada challenges his conviction by asserting that the "felony" and "aggravated felony" provisions of § 1326(b) are unconstitutional, the claim is foreclosed.  by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Cortez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Cortez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

For the foregoing reasons, we AFFIRM Tejada's conviction, but we VACATE his sentence and REMAND for re-sentencing.