UNITED STATES of America,
Plaintiff–Appellee,

v.

Anselmo MIRANDA–SANCHEZ,
Defendant–Appellant.

No. 04–41533
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 23, 2006.

James Lee Turner, Assistant U.S. Attorney, Julia Bowen Stern, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Brent Evan Newton, Assistant Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM: *

Anselmo Miranda–Sanchez (Miranda) appeals his conviction and sentence for attempted illegal reentry after a previous deportation. Miranda argues that the district committed reversible error under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), by sentencing him pursuant to a mandatory application of the Sentencing Guidelines.

There was no *"Booker"* error or Sixth Amendment violation because the only enhancement to Miranda's sentence was for his prior conviction. *See Booker*, 543 U.S. at 244–45, 267–68, 125 S.Ct. at 756, 769. Nevertheless, the district court committed "Fanfan" error by sentencing Miranda pursuant to a mandatory guidelines scheme. *United States v. Walters*, 418 F.3d 461, 463–64 (5th Cir.2005). Although Miranda contends that such error is structural, he acknowledges that this argument is foreclosed by circuit precedent; he raises the issue merely to preserve it for further review.

As the Government concedes that Miranda preserved his Fanfan claim, we re-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

view Miranda's argument for harmless error. *See Walters,* 418 F.3d at 464. Nothing in the record indicates that the district court would have imposed the same sentence had the Sentencing Guidelines been advisory rather than mandatory. Accordingly, we vacate Miranda's sentence and remand for resentencing in accordance with *Booker.*

Miranda also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional on their face and as applied in his case in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Miranda's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Miranda contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Miranda properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review. Accordingly, Miranda's conviction is affirmed.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.