**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 21, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 04-20669

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JASON PAUL WALTERS,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas

Before BARKSDALE, DeMOSS, and PRADO, Circuit Judges.

DeMOSS, Circuit Judge:

Defendant-Appellant Jason Paul Walters ("Walters") pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("count 1"), and to using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) ("count 2"). He appeals the 15-month sentence imposed on the basis of count 1 pursuant to *United States v. Booker*, 543 U.S. ---, 125 S. Ct. 738 (2005). Because we find that the error in this case was not harmless, we VACATE Walters's sentence and REMAND for resentencing.

**BACKGROUND**

On December 15, 2002, Walters was charged by a two-count indictment with possession of a firearm subsequent to a felony conviction, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and with using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). On February 4, 2004, without a written agreement, Walters entered a plea of guilty to both counts of the indictment.

The presentence report ("PSR") determined that the imprisonment range under the Guidelines on count 1 was 15 to 21 months, *see* USSG § 2K2.1(a)(6),[1] and that the imprisonment range on count 2 was the statutory mandatory consecutive sentence of 60 months, *see* 18 U.S.C. § 924(c)(1)(A)(i). Walters did not make objections to the PSR, which the district court adopted at sentencing on August 4, 2004. The district court commended Walters for attending drug treatment and for not relapsing into drug usage. Defense counsel argued that the minimum combined 75-month sentence "seems too much" and requested the bottom of the Guideline sentence

---

[1]Although § 2K2.1(b)(5) normally triggers a 4-level increase where the defendant used the firearm in connection with other felonies, which would have increased Walters's base offense level to 18, the probation officer noted that Application Note 2 to § 2K2.4 instructs that no adjustment under § 2K2.1(b)(5) should be applied because Walters's conviction under count 2 required a mandatory consecutive sentence. The probation officer did not recommend any sentencing enhancements. After applying a 2-level reduction for acceptance of responsibility under § 3E1.1, Walters's total offense level was 12 and his criminal history was III.

on count 1.  In response, the district court agreed and stated: "Well, I'm going to give you the bottom of the guideline range.  I think that it's an unfairly severe sentence also, frankly, but I'm bound by the statute.  I mean, I have very little wiggle room.  This 60 month consecutive is a killer, if you ask me."

The district court then sentenced Walters to serve 15 months on count 1 and a consecutive 60 months on count 2.  The court also imposed concurrent two-year and five-year terms of supervised release, as well as a $200 special assessment, but no fine.  After imposition of the sentence, the court then stated:

> I don't know that I have the power to do this because the 924(c) count just requires everything be consecutive – that is, the 60 months be consecutive with anything under the other charge.  I think I can't do anything, and so I'll impose this sentence both under the guidelines and in the exercise of my unfettered discretion if the guidelines were to be declared unconstitutional in whole or in part.

Defense counsel objected and asserted that:

> if the guidelines were declared unconstitutional, I would like to come back and argue for a 60-month sentence, not a 75-month sentence, because, as the count's already pointed out, this seems to be unduly severe from the standpoint of viewing this case outside of the framework of the guidelines.

The district court agreed with counsel and stated, "in the exercise of my unfettered discretion, I would impose a 60-month sentence.  That's an alternative and it's only in the event the guidelines are declared unconstitutional.  In total."  Walters timely appealed.

**DISCUSSION**

3

This Court differentiates between the two types of error addressed in **Booker**. *See* **United States v. Villegas**, 404 F.3d 355, 364 (5th Cir. 2005); **United States v. Mares**, 402 F.3d 511, 520 n.9 (5th Cir. 2005). **Booker** error is found where the district court applied the mandatory Guidelines and enhanced a defendant's sentence on the basis of facts neither admitted by him nor found by a jury beyond a reasonable doubt, in violation of the Sixth Amendment. *See* **Booker**, 125 S. Ct. at 756; **Villegas**, 404 F.3d at 364. What this Court has termed "**Fanfan** error" is found where the district court applied the mandatory Guidelines to enhance a defendant's sentence absent any Sixth Amendment **Booker** error. *See* **United States v. Martinez-Lugo**, 411 F.3d 597, 2005 WL 1331282, at *2 (5th Cir. Jun. 7, 2005); **Villegas**, 404 F.3d at 364.

Here, Walters does not make a **Booker** argument. Instead, Walters argues that a sentence imposed under the mandatory Guidelines system is erroneous under the new post-**Booker** sentencing regime. Walters bases this on the Supreme Court's rejection of a remedy that would leave the Guidelines advisory in any case where their application would result in a Sixth Amendment violation but mandatory in all other cases. *See* **Booker**, 125 S. Ct. at 768 ("Such a two-proposal system seems unlikely to further Congress' basic objective of promoting uniformity in sentencing."). Thus, Walters asserts **Fanfan** error.

The government agrees with Walters that his objection in the

4

district court to the court's alternative sentence, in the event the Guidelines were held unconstitutional, preserved his *Fanfan* challenge. Regarding the standard of review, Walters urges that the *Fanfan* error argued here is structural and thus insusceptible of harmless error analysis. *See **Neder v. United States***, 527 U.S. 1, 8-9 (1999). This Court has rejected that exact contention. ***Martinez-Lugo***, 2005 WL 1331282, at *2 (finding argument inconsistent with the requirement in **Mares** and **Villegas** "that the error affect the particular defendant's substantial rights, drawing no distinction between a '**Booker**' error and a '**Fanfan**' error for the purposes of *employing* plain error review")(emphasis in original).

We review a case where the defendant preserved his *Fanfan* challenge in district court under the Rule 52(a) harmless error standard. *See **Mares***, 402 F.3d at 520 n.9 ("[I]f . . . the issue presented in **Fanfan** is preserved in the district court by an objection, we will ordinarily vacate the sentence and remand, unless we can say the error is harmless under Rule 52(a) of the Federal Rules of Criminal Procedure."); *cf.* ***Martinez-Lugo***, 2005 WL 1331282, at *2 (applying plain error review where **Fanfan** issue not preserved in district court). Under harmless error review, "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." FED. R. CRIM. P. 52(a).

This Court determined in the context of a *Fanfan* challenge

5

that "[i]t is clear after **Booker** that application of the Guidelines in their mandatory form constitutes error that is plain." **United States v. Valenzuela-Quevedo**, 407 F.3d 728, 733 (5th Cir. 2005); *see also* **Martinez-Lugo**, 2005 WL 1331282, at *2 (noting **Fanfan** error is both "plain" and "error").  Thus, the only question is whether the government has met its burden to show harmless error beyond a reasonable doubt in the imposition of Walters's sentence.  *See* **United States v. Pineiro**, 410 F.3d 282, 286 (5th Cir. 2005); *see also* **United States v. Olano**, 507 U.S. 725, 734-35 (1993) (noting inquiry under harmless error to determine prejudice is the same as with plain error, except burden falls on the government, not the defendant); **Chapman v. California**, 386 U.S. 18, 24 (1967) ("[B]efore a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt.").

## Whether the government has shown harmless error in the imposition of Walters's sentence.

The government notes that the district court could not revisit the 60-month statutorily mandated sentence imposed on count 2. Indeed, Walters makes no argument to that effect.  But the government contends that in any event, the imposition of the 15-month sentence as to count 1 constitutes harmless error because it was a reasonable sentence.  To that end, the government urges that the district court took into account the Guidelines, defense

6

counsel's arguments and Walters's statements before sentencing, and the PSR, which was prepared in compliance with Federal Rule of Criminal Procedure 32(d). In addition, the government argues that although the district court indicated that it believed the mandatory 60-month consecutive sentence on count 2 was unfairly severe, the court recognized it was bound by the statute. According to the government's characterization, the district court gave no indication that it believed the 15-month sentence as to count 1 was too harsh, except that the court stated that if the Guidelines were declared totally unconstitutional, then it would impose a 60-month sentence.

The government also contends that for the district court to resentence Walters to a 60-month term of imprisonment, the court would have to reduce Walters's sentence on count 1 to probation; and the court never indicated that it considered probation to be an appropriate sentence for a felon-in-possession charge, especially where the PSR showed Walters had two prior drug convictions. Finally, the government argues that because the Guidelines were not declared totally unconstitutional and the district court must still consider the application of the Guidelines in a post-*Booker* environment, the court would likely resentence Walters to exactly the same 15-month sentence on count 1 and thus to the same 75-month combined sentence on both counts.

Walters argues that the government fails to show harmless

7

error beyond a reasonable doubt. Walters points to the language of the district court at sentencing indicating that in a post-*Booker* world that allowed for "unfettered discretion," it would choose to exercise that discretion to conclude that the 75-month sentence it felt constrained to impose was harsher than necessary in Walters's case (that is, to meet the purposes of sentencing identified in 18 U.S.C. § 3553(a)) and would choose to impose only the statutorily mandated 60-month sentence pursuant to count 2 if the Guidelines were declared unconstitutional. Indeed, Walters insists the district court could not have more clearly expressed such intent than by saying, "[I]n the exercise of my unfettered discretion, I would impose a 60-month sentence."

After close examination of the sentencing hearing transcript, we find that the *Fanfan* error in this case was prejudicial to Walters. The *Fanfan* error affected the sentence Walters received because the mandatory nature of the Guidelines at the time of his sentencing forced the district court to impose at least the minimum 15-month term for count 1, in addition to the statutorily mandated 60-month consecutive sentence on count 2, where the court indicated that Walters's total imposed sentence of 75 months seemed too harsh. *See Mares*, 402 F.3d at 521 (noting that "the standard for determining whether an error affects substantial rights" is that "the error 'must have affected the outcome of the district court proceedings'") (quoting *Olano*, 507 U.S. at 734); *see also Pineiro*,

410 F.3d at 286 (explaining the standard as "the district court would have imposed the same sentence absent the error").

The government is correct that the district court was "bound by the statute," 18 U.S.C. § 924(c)(1)(A)(i), to impose the 60-month sentence on count 2 consecutively to any other sentence (here, that imposed on count 1). However, we disagree with the government's contention that the district court gave no indication that it believed the 15-month sentence on count 1 was too harsh. In response to defense counsel's contention that "75 months seems too much" and his request for the minimum Guidelines sentence on count 1 (here, 15 months), and after Walters had a chance to allocute, the district court expressly stated that it would impose the bottom of the Guidelines range on count 1 and that it thought "it's an unfairly severe sentence also, frankly" – where "it's" likely referred to the 75-month minimum combined total sentence just referenced by defense counsel. In any event, the district court also indicated that it felt it had "very little wiggle room" and thought it could not "do anything" to manipulate Walters's sentence in a situation where Walters was subject to the mandatory Guidelines regime requiring a minimum 15-month sentence on count 1 to be imposed consecutively to the statutorily mandated 60-month sentence on count 2.

In addition, after the district court indicated it would impose the 75-month sentence alternatively in the event "the guidelines were to be declared unconstitutional in whole or in

part," defense counsel objected that:

> if the guidelines were declared unconstitutional, I would like to come back and argue for a 60-month sentence, not a 75-month sentence, because, as the court's already pointed out, this seems to be unduly severe from the standpoint of viewing this case outside of the framework of the guidelines.

In response, the court stated, "Now, that might be true. All right." The court then elaborated, "No, here's what I'll do. That's true. They're both gun charges, too. So, in the exercise of my unfettered discretion, I would impose a 60-month sentence." This exchange similarly indicates that the district court agreed with defense counsel that it was "true" that a 75-month sentence affecting both counts "seems to be unduly severe" when viewed "outside of the framework of" the pre-*Booker* mandatory Guidelines.

The government is again correct that the district court then stated, "That's an alternative and it's only in the event the guidelines are declared unconstitutional. In total." However, we understand the district court's statement to mean just what it plainly reads – that if the Guidelines were declared entirely unconstitutional, Walters's alternative total sentence would certainly only be 60 months. This statement does not mean that the district court would certainly choose in its post-*Booker* discretion to impose 15 months on count 1 for a total of 75 months on "both gun charges" simply because *Booker*'s result rendered the Guidelines, which the court was constrained to apply at Walters's sentencing, advisory instead of "unconstitutional" "[i]n total."

10

Rather, the court gave multiple indications at Walters's sentencing hearing that resentencing would likely yield a combined sentence lower than 75 months, specifically just the mandatory 60 months on count 2.  In light of this record, the government's contention that the district court "would likely" resentence Walters to 75 months in a post-***Booker*** environment fails.  Therefore, we find that the government has not sustained its burden to show harmless error beyond a reasonable doubt here; Walters is entitled to resentencing in accordance with ***Booker***.

## CONCLUSION

Accordingly, we VACATE Walters's sentence and REMAND for resentencing.

**VACATED and REMANDED.**