United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 18, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-30019
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HERIBERTO AVILES, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:04-CR-20027-1
--------------------

Before REAVLEY, JOLLY and OWEN, Circuit Judges.

PER CURIAM:[*]

Heriberto Aviles, Jr., a federal prisoner (# 69269-079), appeals the sentence imposed following his guilty-plea conviction of assaulting a fellow inmate with a dangerous weapon with intent to do bodily harm, in violation of 18 U.S.C. § 113(a)(3).

Aviles argues that his sentence is illegal under Booker because it was imposed pursuant to a mandatory application of the sentencing guidelines. In the district court, Aviles objected under Blakely v. Washington, 124 S. Ct. 2531 (2004), to sentencing increases based on the career-offender guideline,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.S.G. § 4B1.1, and that U.S.S.G. § 4B1.1 was itself "unconstitutional."  This second allegation effectively raises the type of error raised by the other respondent in <u>Booker</u>, Ducan Fanfan, i.e., that imposition of a sentence pursuant to a mandatory Guidelines regime violated his rights.  <u>See</u> <u>Booker</u>, 125 S. Ct. at 750, 768-69; <u>United States v. Walters</u>, __ F.3d __, No. 04-20669, 2005 WL 1693895 at *___,  (5th Cir. July 21, 2005), 2005 WL 1693895 at *___.  The Government concedes that it cannot show harmless error as to Aviles's "Fanfan"-type claim.  Because the Government admits that it cannot show that the district court would not have sentenced Aviles differently under an advisory Guidelines system, <u>see United States v. Akpan</u>, 407 F.3d 360, 377 (5th Cir. 2005), we REMAND for the district court to decide if resentencing is warranted.

REMANDED.