**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 31, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41528
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES ELLIOTT GORTON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CR-270-ALL
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

James Elliott Gorton appeals the 188-month sentence he received following his guilty-plea conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Gorton argues that the armed career criminal enhancement violated his constitutional rights because the predicate convictions were not charged in the indictment nor admitted at rearraignment. The argument is without merit.  See United States v. Guevara, 408 F.3d 252, 261 (5th Cir.), cert. denied, 2006 U.S. LEXIS 741

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(U.S. Jan. 9, 2006).  Gorton properly acknowledges that his argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998), but seeks to preserve the issue for further review.

Gorton also contends that the district court erred in sentencing him pursuant to the mandatory Guidelines regime held unconstitutional in <u>United States v. Booker</u>, 543 U.S. 220 (2005). The sentencing transcript is devoid of evidence that the district court would have imposed the same sentence under an advisory regime, and, therefore, the Government has not borne its burden of establishing beyond a reasonable doubt that the district court's error was harmless.  <u>See</u> <u>United States v. Walters</u>, 418 F.3d 461, 464 (5th Cir. 2005).  Accordingly, Gorton's sentence is VACATED, and the case is REMANDED for further proceedings.  <u>See</u> <u>id.</u> at 466.

AFFIRMED IN PART; VACATED AND REMANDED IN PART FOR FURTHER PROCEEDINGS.