United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 2, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41153
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ALFREDO AREVALO-LOZANO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-277-ALL
--------------------

Before KING, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Alfredo Arevalo-Lozano ("Arevalo") appeals his conviction and the 63-month sentence he received for his conviction on his guilty plea to a charge of illegal re-entry to the United States, a violation of 8 U.S.C. § 1326.

Arevalo's constitutional challenge to 8 U.S.C. § 1326 is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Arevalo contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Arevalo properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review. Accordingly, Arevalo's conviction is AFFIRMED.

Arevalo contends that his sentence must be vacated because he was sentenced pursuant to mandatory sentencing guidelines that were held unconstitutional in <u>United States v. Booker</u>, 543 U.S. 220 (2005). He asserts that the error in his case is reversible because the error is structural and is insusceptible of harmless error analysis. Contrary to Arevalo's contention, we have previously rejected this specific argument. <u>See</u> <u>United States v. Walters</u>, 418 F.3d 461, 463 (5th Cir. 2005).

In the alternative, Arevalo contends that the Government cannot show that the error that occurred at his sentencing was harmless. We review Arevalo's preserved challenge to his sentence for harmless error under FED. R. CRIM. P. 52(a). <u>See</u> <u>Walters</u>, 418 F.3d at 463.

Arevalo was sentenced at the bottom of the guideline range, and the district court stated that Arevalo's sentence seemed lengthy for his crime. The record provides no indication, and the Government has not shown, that the district court would not

have sentenced Arevalo differently under an advisory guidelines system.  See United States v. Garza, 429 F.3d 165, 170-71 (5th Cir. 2005).  Accordingly, Arevalo's sentence is VACATED, and his case is REMANDED for further proceedings consistent with this opinion.

AFFIRMED IN PART; VACATED IN PART; REMANDED.