United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20968
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SANTIAGO GONZALEZ, JR.,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:01-CR-877-4
---------------------

Before KING, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Santiago Gonzalez, Jr., appeals his convictions and sentences for conspiracy and aiding and abetting to possess with the intent to distribute five kilograms or more of cocaine. Gonzalez argues that the district court reversibly erred under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), by sentencing him pursuant to a mandatory application of the Sentencing Guidelines.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

There was no "Booker" error or Sixth Amendment violation because the only enhancement to Gonzalez's sentences was for his prior convictions.  See Booker, 125 S. Ct. at 756, 769. Nevertheless, the district court committed "Fanfan" error by sentencing Gonzalez pursuant to a mandatory guidelines scheme. See United States v. Walters, 418 F.3d 461, 463-64 (5th Cir. 2005).  We have previously rejected Gonzalez's claim that such error is "structural" in nature.  See id. at 463.

The Government concedes that Gonzalez preserved his Fanfan claim.  As such, this court reviews the claim for harmless error. See id. at 464.  There is no indication in the record that the district court would have imposed the same sentence had the guidelines been advisory rather than mandatory.  Accordingly, we vacate the sentences and remand for resentencing.

Gonzalez next argues that the career offender enhancement violated his constitutional rights because the predicate convictions were neither charged in the indictment nor found by a jury beyond a reasonable doubt.  The argument is without merit. See United States v. Guevara, 408 F.3d 252, 261 (5th Cir. 2005), cert. denied, ___ S. Ct. ___ (Jan. 9, 2006)(No. 05-7643). Gonzalez properly acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), but seeks to preserve the issue for further review.  Gonzalez's convictions are affirmed.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.