United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 04-11036
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARMANDO DURAN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CR-69-ALL-M
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Armando Duran appeals his conviction and sentence for
illegal reentry after a previous deportation.  Duran argues that
the district reversibly erred under United States v. Booker, 543
U.S. 220, 125 S. Ct. 738 (2005), by sentencing him pursuant to a
mandatory application of the Sentencing Guidelines.

There was no "Booker" error or Sixth Amendment violation
because the only enhancement to Duran's sentence was for his
prior conviction.  See Booker, 125 S. Ct. at 756, 769.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Nevertheless, the district court committed "Fanfan" error by sentencing Duran pursuant to a mandatory guidelines scheme. See United States v. Walters, 418 F.3d 461, 463-64 (5th Cir. 2005).

The Government concedes that Duran preserved his Fanfan claim. As such, this court reviews the claim for harmless error. See Walters, 418 F.3d at 464. There is no indication in the record that the district court would have imposed the same sentence had the guidelines been advisory rather than mandatory. Accordingly, we vacate the sentence and remand for resentencing.

Duran next argues that his sentence is unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000), because it was based on the facts of a prior conviction what were not alleged in the indictment, admitted by Duran, or proved to a jury beyond a reasonable doubt. Duran's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Duran properly concedes that his argument is foreclosed in light of Almendarez-Torres, but he raises it here to preserve it for further review. Accordingly, Duran's conviction is affirmed.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.