**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose MARTINEZ–GARCIA,**
**Defendant–Appellant.**

No. 04–41276
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 22, 2006.

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM: *

Jose Martinez–Garcia (Martinez) appeals the sentence imposed following his guilty-plea conviction of illegal reentry after deportation, in violation of 8 U.S.C. § 1326. The district court sentenced Martinez to 41 months in prison, based on a prior conviction for an alien smuggling offense.

Martinez contends that his sentence is illegal under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because it was imposed pursuant to a mandatory application of the federal sentencing guidelines. Martinez thus alleges a "Fanfan" error. *See United States v. Walters,* 418 F.3d 461, 463 (5th Cir.2005). In the district court, Martinez objected to his sentence under *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and the Government concedes that the issue is preserved and that it is subject to review for harmless error.

The Government has not carried its burden of showing beyond a reasonable doubt that the district court's error did not affect Martinez's sentence. *See Walters,* 418

F.3d at 464; *United States v. Pineiro,* 410 F.3d 282, 285–86 (5th Cir.2005). We therefore vacate the sentence and remand for resentencing in accordance with *Booker.* *See Walters,* 418 F.3d at 464; *Pineiro,* 410 F.3d at 285–86.

Martinez also contends that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional. Martinez's constitutional challenge to § 1326(b) is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Martinez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Martinez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review. Accordingly, the conviction is affirmed.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.