United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40971
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ARTURO DE LA GARZA,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:03-CR-970-1
---------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Arturo De La Garza was convicted pursuant to a guilty plea of inducing an alien to enter the United States, bringing an alien into the United States, and transporting an alien within the United States.  He argues that the sentences imposed in his case are unconstitutional and should be vacated because they were imposed under the mandatory United States Sentencing Guidelines held unconstitutional in United States v. Booker, 543 U.S. 220 (2005).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

By sentencing De La Garza under a mandatory sentencing guidelines regime, the district court committed what this court refers to as <u>Fanfan</u> error. <u>See</u> <u>United States v. Walters</u>, 418 F.3d 461, 463-64 (5th Cir. 2005). The Government concedes that De La Garza preserved his <u>Fanfan</u> claim for appellate review. A <u>Fanfan</u> error is not structural error. Thus, this court reviews the district court's actions for harmless error. <u>See</u> <u>id.</u>

At De La Garza's sentencing hearing, the district court noted that if the United States Sentencing Guidelines were held unconstitutional it would impose the same term of imprisonment it had previously imposed. In light of that statement, the Government has carried its burden of establishing that the district court's sentencing error was harmless. <u>See</u> <u>id.</u> at 464; <u>United States v. Saldana</u>, 427 F.3d 298, 314-15 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 810 (2005), <u>cert. denied</u>, 2006 WL 37834 (Jan. 9, 2006) (No. 05-7803).

The judgment of the district court is AFFIRMED.