United States Court of Appeals
Fifth Circuit

**F I L E D**

February 23, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41575
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAMIEN DESHONG COUNCIL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 3:03-CR-6-1
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Damien Deshong Council appeals his conviction following a jury trial and sentence for possession of a controlled substance ("crack") with the intent to distribute, possession of a firearm by a felon, and using, carrying, or possessing a firearm during and in relation to a drug-trafficking crime. 18 U.S.C. §§ 922(g)(1), 924(c)(1); 21 U.S.C. § 841(a)(1). Council challenges the sufficiency of the evidence supporting his convictions for possession of a firearm by a felon and for using,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

carrying, or possessing a firearm during and in relation to a drug-trafficking crime.  We have determined that a rational trier of fact could have found that the evidence established Council's guilt beyond a reasonable doubt as to both counts.  Jackson v. Virginia, 443 U.S. 307, 319 (1979).  Thus, we AFFIRM Council's conviction as to these counts.

Council argues that the district court enhanced his sentence based on his career offender status in violation of the Sixth Amendment.  We have held, however, that a judge's determination of career offender status does not implicate United States v. Booker, 543 U.S. 220 (2005), because, except for the defendant's age, "[c]areer offender status is not 'a sentencing judge's determination of a fact other than a prior conviction.'"  United States v. Guevara, 408 F.3d 252, 261 (5th Cir. 2005), cert. denied, ___S. Ct.___, 2006 WL 37646 (Jan. 9, 2006) (No. 05-7643).  The Government concedes, however, that it cannot meet its burden of establishing beyond a reasonable doubt that the district court's error in sentencing Council pursuant to a mandatory sentencing guidelines scheme, so-called "Fanfan" error, was harmless.  See United States v. Walters, 418 F.3d 461, 464 (5th Cir. 2005).  Therefore, Council's sentence, which included alternative sentences, is VACATED in its entirety and the case is REMANDED for further proceedings consistent with Booker.