United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41598
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ELIAS GOMEZ-ROMERO,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-821-ALL
--------------------

Before KING, GARWOOD, and SMITH, Circuit Judges.

PER CURIAM:[*]

     Having pleaded guilty, Elias Gomez-Romero (Gomez) appeals

his conviction and 63-month sentence for being illegally present

in the United States following deportation in violation of 8

U.S.C. § 1326.

     Gomez's constitutional challenge to 8 U.S.C. § 1326 is

foreclosed by Almendarez-Torres v. United States, 523 U.S. 224,

235 (1998).  Although Gomez contends that Almendarez-Torres was

incorrectly decided and that a majority of the Supreme Court

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. See <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Gomez properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review. Accordingly, Gomez's conviction is affirmed.

Gomez contends that his sentence must be vacated because he was sentenced pursuant to mandatory Sentencing Guidelines that were held unconstitutional in <u>United States v. Booker</u>, 543 U.S. 220 (2005). Although Gomez asserts that the error in his case is structural and not susceptible of harmless error analysis, we have previously rejected this specific argument. See <u>United States v. Walters</u>, 418 F.3d 461, 463 (5th Cir. 2005).

In the alternative, Gomez contends that the Government cannot show that the sentencing error was harmless. We review Gomez's preserved challenge to his sentence for harmless error under FED. R. CRIM. P. 52(a). See <u>Walters</u>, 418 F.3d at 463.

The district court sentenced Gomez to the lowest sentence in the relevant guidelines sentencing range. The record does not indicate, and the Government has not shown, that the district court would have imposed the same sentence under an advisory guidelines regime. See <u>United States v. Garza</u>, 429 F.3d 165, 170-71 (5th Cir. 2005). Accordingly, we vacate Gomez's sentence

and remand the case for further proceedings consistent with this opinion.

CONVICTION AFFIRMED IN PART; SENTENCE VACATED; REMANDED.