United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 1, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

―――――――――――――

No. 04-41682
Summary Calendar

―――――――――――――

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO ALTATO-PUES, also known as Lucho
Gatica-Rodriguez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-1770-ALL
--------------------

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:*

Antonio Altato-Pues (Altato) appeals the sentence imposed
upon his guilty-plea conviction for transporting illegal aliens
via motor vehicle into the United States. See 8 U.S.C. § 1324.
Altato argues that under United States v. Booker, 543 U.S. 220
(2005), the district court was not authorized to increase his
sentence based on its factual finding that he recklessly
endangered the lives of his alien passengers. Both the

―――――――――――――

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Government and Altato contest whether Altato admitted the facts supporting the reckless endangerment adjustment. However, neither party provided this court with a transcript of the rearraignment proceeding. Absent the transcript, this court cannot review this claim. See e.g., United States v. Holmes, 406 F.3d 337, 366 & n.49 (5th Cir.), cert. denied, 126 S. Ct. 375 (2005).

The district court, however, committed "Fanfan" error by sentencing Altato pursuant to a mandatory guidelines scheme. See United States v. Walters, 418 F.3d 461, 463-64 (5th Cir. 2005). The Government concedes that Altato preserved his Fanfan claim. As such, this court reviews the claim for harmless error. See Walters, 418 F.3d at 464. This court has rejected the argument that a Fanfan error is structural. See Walters, 418 F.3d at 463.

There is no indication in the record that the district court would have imposed the same sentence had the guidelines been advisory rather than mandatory. The Government has not satisfied its burden of showing that the district court's Fanfan error was harmless beyond a reasonable doubt. See Walters, 418 F.3d at 463-64. Accordingly, we vacate the sentence and remand for resentencing in accordance with Booker.

This court need not address at this time Altato's remaining argument challenging the district court's denial of his request for a downward departure. See United States v. Akpan, 407 F.3d 360, 377 n.62 (5th Cir. 2005).

SENTENCE VACATED AND REMANDED.