United States Court of Appeals

Fifth Circuit

**F I L E D**

**March 1, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40114
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HECTOR DE LA GARZA-ROJAS,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1642-ALL
---------------------

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

Hector De La Garza-Rojas (De La Garza) appeals his

conviction and sentence for illegal reentry after a previous

deportation.  De La Garza argues that the district reversibly

erred under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738

(2005), by sentencing him pursuant to a mandatory application of

the Sentencing Guidelines.

There was no "Booker" error or Sixth Amendment violation

because the only enhancement to De La Garza's sentence was for

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his prior conviction. See Booker, 125 S. Ct. at 756, 769. Nevertheless, the district court committed "Fanfan" error by sentencing De La Garza pursuant to a mandatory guidelines scheme. See United States v. Walters, 418 F.3d 461, 463-64 (5th Cir. 2005). Although De La Garza contends that such error is structural, he acknowledges that this argument is foreclosed by circuit precedent; he raises the issue here only for preservation purposes.

The Government concedes that De La Garza preserved his Fanfan claim. As such, this court reviews the claim for harmless error. See Walters, 418 F.3d at 464. There is no indication in the record that the district court would have imposed the same sentence had the guidelines been advisory rather than mandatory. Accordingly, we VACATE the sentence and REMAND for resentencing in accordance with Booker.

De La Garza next argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional on their face and as applied in his case in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). De La Garza's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although De La Garza contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres

remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  De La Garza properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.  Accordingly, De La Garza's conviction is AFFIRMED.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.