United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 3, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41080
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL ESTRADA-GARCIA,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-634-1
---------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Manuel Estrada-Garcia (Estrada) appeals his conviction and the sentence he received after he pleaded guilty to one count of illegal reentry following deportation. Estrada argues that his sentence is illegal under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), because it was imposed pursuant to a mandatory application of the federal Sentencing Guidelines.

The erroneous application of the Guidelines as mandatory is technically a "Fanfan error." United States v. Martinez-Lugo,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

411 F.3d 597, 600 (5th Cir.), cert. denied, 126 S. Ct. 464 (2005); see Booker, 125 S. Ct. at 750, 768-69.  The Government concedes that Estrada preserved his Fanfan claim for appeal.  The Government fails to meet its burden of proving that the district court's sentence under Guidelines it deemed mandatory was harmless beyond a reasonable doubt because the Government fails to cite to any record evidence showing that the district court would have imposed the same sentence under an advisory guidelines scheme.  See United States v. Walters, 418 F.3d 461, 464 (5th Cir. 2005); United States v. Garza, 429 F.3d 165, 171 (5th Cir. 2005) (Booker error).  We therefore vacate the sentence and remand the case for resentencing in accordance with Booker.

Estrada also challenges the term of supervised release that was imposed on the basis that the enhancement provisions set forth in § 1326(b) are unconstitutional.  Given that Estrada's entire sentence is vacated, this court need not reach this argument.  See United States v. Akpan, 407 F.3d 360, 377 n.62 (5th Cir. 2005).

SENTENCE VACATED; CASE REMANDED.