United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 7, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20065
Summary Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

MANUEL J. GAY,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-11-ALL
---------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Manuel J. Gay appeals his sentence following his guilty-plea

conviction for aiding and abetting to possess with the intent to

distribute cocaine and cocaine base.  Gay argues that the

district court reversibly erred under United States v. Booker,

543 U.S. 220, 125 S. Ct. 738 (2005), by sentencing him pursuant

to a mandatory application of the Sentencing Guidelines.  He

contends that the error was structural and insusceptible of

harmless error analysis.  We have previously rejected this

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

specific argument. See United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005). Alternatively, Gay argues that the record precludes a finding of harmlessness given his inability, under the mandatory scheme, to raise various sentencing factors that could have resulted in a lower sentence. The factors include the sentencing disparities between crack and powder cocaine, the disproportionate number of harsher crack sentences imposed upon African-Americans, and the lower recidivism rate for older defendants. Because the district court was unable to consider these and other factors, Gay secondarily contends that his sentence was unreasonable. As Gay's sentence was imposed pre-Booker, the reasonableness standard of review does not apply. See United States v. Mares, 402 F.3d 511, 519-20 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

The district court committed "Fanfan" error by sentencing Gay pursuant to a mandatory guidelines scheme. See Walters, 418 F.3d at 463-64. As the Government concedes, we review for harmless error. See id. at 464.

The Government carries its burden of showing beyond a reasonable doubt that the error did not affect Gay's sentence. At sentencing, the district court announced that Gay would be subject to a harsher, 180-month sentence under an advisory guideline regime. Under these circumstances, the imposition of Gay's 150-month sentence under the then mandatory guidelines scheme was harmless. See United States v. Saldana, 427 F.3d 298,

314 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 810 (2005), and <u>cert. denied</u>, __ S. Ct. __, 2006 WL 37834 (U.S. Jan. 9, 2006).

Gay also contends that the district court's assessment of criminal history points based on the dates of, and terms of imprisonment for, Gay's prior convictions implicates <u>Booker</u> Sixth Amendment concerns.  Even if the district court's assessment violated the Sixth Amendment under <u>Booker</u>, the error was harmless in light of the alternate harsher sentence announced by the district court.  See <u>United States v. Pineiro</u>, 410 F.3d 282, 284 & n.4 (5th Cir. 2005).

AFFIRMED.