UNITED STATES of America,
Plaintiff–Appellee,

v.

Jose Guadalupe HERNANDEZ–
URBINA, Defendant–
Appellant.

No. 04–41518.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided March 8, 2006.

James Lee Turner, Assistant U.S. Attorney, Jeffery Alan Babcock, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Philip G. Gallagher, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM: *

Jose Hernandez–Urbina appeals the 30–month sentence imposed following his guilty-plea conviction of illegal reentry into the United States after being deported. He contends that his sentence is illegal under *United States v. Booker*, 543 U.S.

220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because it was imposed pursuant to a mandatory application of the United States Sentencing Guidelines. He thus alleges a *"Fanfan"* error. *See United States v. Walters*, 418 F.3d 461, 463 (5th Cir.2005). *Fanfan* error is not structural error, *id.*, but the government concedes that *Fanfan* error was preserved, so we review for harmless error, *see id.* at 464.

The government fails to carry its burden of showing beyond a reasonable doubt that the *Fanfan* error had no effect on Hernandez–Urbina's sentence. *See id.* We therefore vacate the sentence and remand for resentencing in accordance with *Booker.* *See id.*

Hernandez–Urbina contends that the sentence-increasing provisions of 8 U.S.C. § 1326(b) are unconstitutional and that this court should remand for resentencing to no more than two years in prison under 8 U.S.C. § 1326(a). As he concedes, this contention is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.