United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 8, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40079
Summary Calendar

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

ROMAN MORA-GRANADOS,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
No. 5:03-CR-910-ALL
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Having pleaded guilty, Roman Mora-Granados appeals his conviction and 46-month sentence for being illegally present in the United States following deportation in violation of 8 U.S.C. § 1326. Mora-Granados's constitutional challenge to § 1326 is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Al-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

though he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule it in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Mora-Granados properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it to preserve it for further review. Accordingly, the conviction is affirmed.

Mora-Granados contends that his sentence must be vacated because he was sentenced pursuant to mandatory guidelines that were held unconstitutional in United States v. Booker, 543 U.S. 220 (2005). Although he asserts that the error in his case is structural and not susceptible of harmless error analysis, we have rejected this specific argument. See United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005).

In the alternative, Mora-Granados contends that the government cannot show that the sentencing error was harmless. We review this preserved challenge to the sentence for harmless error under FED. R. CRIM. P. 52(a). See Walters, 418 F.3d at 463.

The government concedes that the record does not indicate that the district court would have imposed the same sentence under an advisory guidelines regime. See United States v. Garza, 429 F.3d 165, 170-71 (5th Cir. 2005), cert. denied, 2006 U.S. LEXIS 1926 (U.S. Feb. 27, 2006) (No. 05-8843). Accordingly, we vacate the

sentence and remand for further proceedings consistent with this opinion.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED.