**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 8, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41518
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE GUADALUPE HERNANDEZ-URBINA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
No. 5:04-CR-498-ALL
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Hernandez-Urbina appeals the 30-month sentence imposed following his guilty-plea conviction of illegal reentry into the United States after being deported. He contends that his sentence is illegal under United States v. Booker, 543 U.S. 220 (2005), because it was imposed pursuant to a mandatory application of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States Sentencing Guidelines.  He thus alleges a "Fanfan" error.  See United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005).  Fanfan error is not structural error, id., but the government concedes that Fanfan error was preserved, so we review for harmless error,  see id. at 464.

The government fails to carry its burden of showing beyond a reasonable doubt that the Fanfan error had no effect on Hernandez-Urbina's sentence.  See id.  We therefore vacate the sentence and remand for resentencing in accordance with Booker.  See id.

Hernandez-Urbina contends that the sentence-increasing provisions of 8 U.S.C. § 1326(b) are unconstitutional and that this court should remand for resentencing to no more than two years in prison under 8 U.S.C. § 1326(a).  As he concedes, this contention is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).

CONVICTION  AFFIRMED;  SENTENCE  VACATED;  REMANDED  FOR RESENTENCING.