**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 8, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41677
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS FRANCISCO MORALES-AGUSTINE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-921-ALL
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jesus Francisco Morales-Agustine (Morales) appeals the 80-month sentence imposed following his guilty-plea conviction of illegal reentry into the United States after being deported.

Morales contends that his sentence is illegal under United States v. Booker, 543 U.S. 220 (2005), because it was imposed pursuant to a mandatory application of the United States Sentencing Guidelines. He thus alleges a "Fanfan" error. See United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005). Fanfan error is not a structural error. Id. However, the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Government concedes that the <u>Fanfan</u> error was preserved, so we review for harmless error.  <u>See</u> <u>id.</u> at 464.  The Government has failed to carry its burden of showing beyond a reasonable doubt that the district court's Fanfan error had no effect Morales's sentence.  <u>See</u> <u>id.</u>  We therefore vacate the sentence and remand for resentencing in accordance with <u>Booker</u>.  <u>See</u> <u>id.</u>

Morales contends that the sentence-increasing provisions of 8 U.S.C. § 1326(b) are unconstitutional and that this court should remand his case for resentencing to no more than two years in prison under 8 U.S.C. § 1326(a).  As he concedes, this contention is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998).

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.