United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 14, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 05-40082
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus

IVAN ALVARADO, also known as Erik Fuentes-Garcia

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas

(USDC No. 5:04-CR-1837-1)

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ivan Alvarado appeals his sentence following his guilty plea conviction for illegal reentry. Alvarado argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Alvarado's constitutional challenge is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). Although Alvarado contends that *Almendarez-Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez-Torres* in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez-Torres* remains binding.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*See United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied* 126 S. Ct. 298 (2005). Alvarado properly concedes that his argument is foreclosed in light of *Almendarez-Torres* and circuit precedent, but he raises it here to preserve it for further review.

Alvarado also argues that the district court erred under *United States v. Booker*, 543 U.S. 220 (2005), by sentencing him under a mandatory application of the federal sentencing guidelines. The government concedes that Alvarado preserved this issue for appeal. However, the government cannot show that the error was harmless. *See United States v. Walters*, 418 F.3d 461, 463-64 (5th Cir. 2005). Accordingly, we REMAND to the district court to allow the district court to resentence Alvarado if, in its discretion under the now-advisory Guidelines, it chooses to do so.

CONVICTION AFFIRMED; REMANDED FOR RESENTENCING.