United States Court of Appeals
Fifth Circuit

**F I L E D**

May 11, 2006

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 04-41275
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                                                          Plaintiff-
                                        Appellee,

                              versus

KAYE SHAW MARR,

                                                                          Defendant-
                                        Appellant.

-----------------------------------------------------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 3:03-CR-11-RAS-DDB-1
-----------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Kaye Shaw Marr appeals her sentence for conspiring to manufacture, distribute, or possess with the intent to manufacture or distribute more than five but less than 50 grams of methamphetamine, in violation of 21 U.S.C. § 846, and for possession of pseudoephedrine with the intent to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c). She contends that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court erred under *United States v. Booker*, 543 U.S. 220 (2005), in attributing 49 grams of methamphetamine to her for sentencing purposes.  Marr additionally argues that the district court erred in sentencing her under the mandatory sentencing guidelines regime held unconstitutional in *Booker*.

The sentencing transcript is devoid of evidence that the district court would have imposed the same sentence under an advisory regime, and, therefore, as the Government concedes, it cannot bear its burden of establishing beyond a reasonable doubt that the district court's error was harmless.  *See United States v. Walters*, 418 F.3d 461, 464 (5th Cir. 2005).  Accordingly, Marr's sentence is VACATED, and the case is REMANDED for further proceedings.  *See id.* at 466.  Because we vacate Marr's sentence and remand for resentencing under an advisory guidelines scheme, we do not reach the other claim of sentencing error that she raises.  *See United States v. Akpan*, 407 F.3d 360, 377 n.62 (5th Cir. 2005).

VACATED AND REMANDED FOR RESENTENCING.