United States Court of Appeals
Fifth Circuit

**F I L E D**

June 9, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60995
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER HARVEY, also known as Toot,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:04-CR-29-ALL
--------------------

Before REAVLEY, HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Christopher Harvey appeals his 151-month sentence following a guilty plea for distribution of methamphetamine. 21 U.S.C. § 841(a)(1), (b)(1)(C). Harvey argues that the district court enhanced his sentence under U.S.S.G. § 4B1.1 based on his career offender status in violation of United States v. Booker, 543 U.S. 220 (2005). We have held, however, that a judge's determination of career offender status does not implicate Booker, because, except for the defendant's age, "[c]areer offender status is not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

'a sentencing judge's determination of a fact other than a prior conviction.'" United States v. Guevara, 408 F.3d 252, 261 (5th Cir. 2005), cert. denied, 126 S. Ct. 1080 (2006).

Harvey also raises on appeal the issue of the district court's mandatory application of the Sentencing Guidelines or so-called "Fanfan" error. Although the Government argues that Harvey has not preserved this issue for appeal, Harvey preserved the issue by raising an objection under Blakely v. Washington, 542 U.S. 296 (2004), in the district court, and, therefore we review the district court's "Fanfan" error under the harmless error standard of review. See United States v. Rodriquez-Mesa, 443 F.3d 397, 404 (5th Cir. 2006) (a Blakely objection before the district court preserves a Fanfan error for appeal). The Government has not shown beyond a reasonable doubt that the error was harmless. See United States v. Walters, 418 F.3d 461, 463-66 (5th Cir. 2005). Accordingly, Harvey's sentence is VACATED, and this case is REMANDED for resentencing.