United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 26, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41662
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISAAC CALDWELL,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
No. 2:04-CR-141-ALL
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Isaac Caldwell appeals his 57-month guilty-plea sentence for possession of a firearm by a convicted felon, 18 U.S.C. §§ 922-(g)(1) and 924(a)(2). He argues that his sentence must be vacated and his case remanded for resentencing because the district court committed reversible error by sentencing him pursuant to a manda-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

tory sentencing guidelines regime. Caldwell's objection pursuant to <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), was sufficient to preserve this issue for appeal. <u>See United States v. Rodriguez-Mesa</u>, 443 F.3d 397, 404 (5th Cir. 2006).

The sentence pursuant to a mandatory guidelines scheme constitutes <u>Fanfan</u> error. <u>See United States v. Booker</u>, 543 U.S. 220 (2005); <u>United States v. Walters</u>, 418 F.3d 461, 463-64 (5th Cir. 2005). The government thus bears the burden of proving beyond a reasonable doubt that the district court would have imposed the same sentence had the guidelines been advisory only. <u>See Walters</u>, 418 F.3d at 464. If the government cannot show that the error was harmless, we ordinarily will vacate and remand for resentencing. <u>Id.</u> at 463.

The government cannot meet its burden. <u>See id.</u> at 464-66. Because the <u>Fanfan</u> error requires remand for resentencing, we need not address Caldwell's remaining challenge to his sentence. <u>See United States v. Akpan</u>, 407 F.3d 360, 377 n.62 (5th Cir. 2005). Accordingly, we vacate Caldwell's sentence and remand for resentencing.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.