United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 22, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41154
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEONEL ENCARNACION-MALDONADO, also known as Leonel
Encarnacion-Estrada,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-266-ALL
--------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Leonel Encarnacion-Maldonado appeals from his guilty-plea
conviction and sentence for being present in the United States
after having been previously removed.  He was sentenced to 37
months of imprisonment and two years of supervised release.
Encarnacion-Maldonado's constitutional challenge is foreclosed by
Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).
Although Encarnacion-Maldonado contends that Almendarez-Torres
was incorrectly decided and that a majority of the Supreme Court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Encarnacion-Maldonado properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Encarnacion-Maldonado asserts that his sentence is invalid in light of United States v. Booker, 543 U.S. 220 (2005). Because the district court sentenced Encarnacion-Maldonado under a mandatory guidelines regime, it committed a Fanfan error. See United States v. Walters, 418 F.3d 461, 463-64 (5th Cir. 2005). Because the Government concedes that Encarnacion-Maldonado preserved his Fanfan claim, this court reviews for harmless error. Id.; United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). Under this standard of review, the Government bears the burden of proving beyond a reasonable doubt that the district court would not have sentenced Encarnacion-Maldonado differently under an advisory guidelines sentencing regime. Walters, 418 F.3d at 464.

The record contains no indication that the district court would have imposed the same sentence absent the error. Although the district court stated an alternative sentence it would have imposed in the absence of the Sentencing Guidelines, that

alternative sentence was more lenient than the imposed sentence. The Government thus cannot meet its burden. Accordingly, Encarnacion-Maldonado's sentence is vacated and the case is remanded for resentencing.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.