United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 04-41567
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN ALFREDO ENRIQUEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1167-ALL
--------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Juan Alfredo Enriquez appeals his conviction and sentence for illegal reentry. Enriquez challenges the constitutionality of 8 U.S.C. § 1326(b)(1) and (2) and, additionally, the district court's application of the mandatory Sentencing Guidelines.

Enriquez's constitutional challenge to § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Enriquez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Enriquez properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

Enriquez also contends that the district court erred in sentencing him pursuant to the mandatory Sentencing Guidelines regime held unconstitutional in <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738, 764-65 (2005). The sentencing transcript is devoid of evidence that the district court would have imposed the same sentence under an advisory regime, and, therefore, the Government has not borne its burden of establishing beyond a reasonable doubt that the district court's error was harmless. <u>See</u> <u>United States v. Walters</u>, 418 F.3d 461, 464 (5th Cir. 2005). Thus, Enriquez's sentence is vacated and the case is remanded for further proceedings. <u>See</u> <u>id.</u> at 466.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.