United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41004
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERTO HERNANDEZ-LOZANO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-229-1
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Alberto Hernandez-Lozano (Hernandez) appeals his conviction and the 41-month sentence that was imposed for his guilty plea to a charge of being found in the United States following removal, a violation of 8 U.S.C. § 1326.

Hernandez's constitutional challenge to 8 U.S.C. § 1326 is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Hernandez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Hernandez properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review. Accordingly, Hernandez's conviction is affirmed.

Hernandez asserts that his sentence must be vacated because he was sentenced pursuant to mandatory Sentencing Guidelines in violation of <u>United States v. Booker</u>, 543 U.S. 220 (2005). He asserts that the error in his case is structural and is insusceptible to harmless error analysis. Contrary to Hernandez's contention, we have previously rejected this specific argument. <u>See</u> <u>United States v. Walters</u>, 418 F.3d 461, 463 (5th Cir. 2005).

Hernandez contends that the Government cannot show that the error that occurred at his sentencing was harmless. The Government concedes that Hernandez preserved his claim of error. We review Hernandez's challenge to his sentence for harmless error under FED. R. CRIM. P. 52(a). <u>See</u> <u>Walters</u>, 418 F.3d at 463. Nothing in the record demonstrates and the Government has not shown that the district court would not have imposed a different sentence under advisory Sentencing Guidelines. <u>United States v. Garza</u>, 429 F.3d 165, 170-71 (5th Cir. 2005). Accordingly,

Hernandez's sentence is vacated, and his case is remanded for further proceedings consistent with this opinion.

AFFIRMED IN PART; VACATED IN PART; REMANDED.