United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41277
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN GONZALEZ-MENDOZA,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-121-ALL
---------------------

Before KING, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:*

Juan Gonzalez-Mendoza (Gonzalez) appeals following his conviction and sentence for illegal reentry of the United States following deportation. Gonzalez contends that the district court reversibly erred under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), by sentencing him pursuant to a mandatory application of the Sentencing Guidelines. There was no "Booker" error or Sixth Amendment violation because the only enhancement to Gonzalez's sentence was for his prior conviction. See Booker, 125 S. Ct. at 756, 769. Nevertheless, the district court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

committed "Fanfan" error by sentencing Gonzalez pursuant to a mandatory application of the Sentencing Guidelines.  See United States v. Walters, 418 F.3d 461, 463-64 (5th Cir. 2005).  We have previously rejected Gonzalez's claim that such error is "structural" in nature.  See id. at 463.

The Government concedes that Gonzalez preserved his Fanfan argument.  Accordingly, this court reviews the claim for harmless error.  See id. at 464.

The Government argues that the district court's error in sentencing under a mandatory application of the Sentencing Guidelines was harmless because the district court determined Gonzalez's sentence by considering the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a).  Because the Government has failed to carry its burden of showing beyond a reasonable doubt that the error did not affect Gonzalez's sentence, we will vacate the sentence and remand for resentencing.  See id.

Gonzalez contends that the district court erred in determining that his California marijuana conviction was a "drug trafficking offense" under U.S.S.G § 2L1.2(b)(1)(B).  He argues that this court would violate Fed. R. Crim. P. 32(i)(3)(B) if it resolved this claim by relying on a transcript of his California guilty plea hearing, which was supplemented into the record over his objection.  Because we vacate Gonzalez's sentence due to the mandatory application of the Sentencing Guidelines, it is not

necessary to address these arguments.  See United States v. Akpan, 407 F.3d 360, 377 n.62 (5th Cir. 2005).

Gonzalez argues that the provisions of 8 U.S.C. § 1326(b) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  Gonzalez's constitutional challenge to § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Gonzalez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Gonzalez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it to preserve it for further review.

SENTENCE VACATED; CONVICTION AFFIRMED; REMANDED FOR RESENTENCING.