United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 2, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 05-40139
Summary Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS LARA-VIEGAS,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1652-1
---------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Luis Lara-Viegas appeals his conviction and sentence for illegal reentry after a previous deportation. Lara-Viegas argues that the district reversibly erred under <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738 (2005), by sentencing him pursuant to a mandatory application of the Sentencing Guidelines.

There was no "<u>Booker</u>" error or Sixth Amendment violation because the only enhancement to Lara-Viegas's sentence was for his prior conviction. <u>See</u> <u>Booker</u>, 125 S. Ct. at 756, 769.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Nevertheless, the district court committed "Fanfan" error by sentencing Lara-Viegas pursuant to a mandatory guidelines scheme. See United States v. Walters, 418 F.3d 461, 463-64 (5th Cir. 2005). Although Lara-Viegas contends that such error is structural, he acknowledges that this argument is foreclosed by circuit precedent; he raises the issue here only for preservation purposes.

The Government concedes that Lara-Viegas preserved his Fanfan claim. As such, this court reviews the claim for harmless error. See Walters, 418 F.3d at 464. There is no indication in the record that the district court would have imposed the same sentence had the guidelines been advisory rather than mandatory. Accordingly, we vacate the sentence and remand for resentencing in accordance with Booker.

Lara-Viegas next argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional on their face and as applied in his case in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Lara-Viegas's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Lara-Viegas contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Lara-Viegas properly concedes that his

argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review. Accordingly, Lara-Viegas's conviction is affirmed.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.