**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Julian GARCIA–CONTRERAS,**
**Defendant–Appellant.**

No. 04–41380.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided March 3, 2006.

---

12.  *Id.*

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, Mark Michael Dowd, U.S. Attorney's Office, Southern District of Texas, Brownsville, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM: *

Julian Garcia–Contreras (Garcia) appeals his conviction and sentence for illegal reentry. Garcia challenges the constitutionality of 8 U.S.C. § 1326(b)(1) and (2) and, additionally, the district court's application of the mandatory Sentencing Guidelines.

Garcia's constitutional challenge to § 1326(b) is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Garcia contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* — U.S. —, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Garcia properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

Garcia also contends that the district court erred in sentencing him pursuant to the mandatory Sentencing Guidelines regime held unconstitutional in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 764–65, 160 L.Ed.2d 621 (2005). The sentencing transcript is devoid of evidence that the district court would have imposed the same sentence under an advisory regime, and, therefore, the Government has not borne its burden of establishing beyond a reasonable doubt that the district court's error was harmless. *See United States v. Walters,* 418 F.3d 461, 464 (5th Cir.2005). Thus, Garcia's sentence is vacated, and the case is remanded for further proceedings. *See id.* at 466.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.