**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 6, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-41309
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

ARTURO LOPEZ-NINO,

Defendant-
Appellant.

----------------------------------------------------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-658-ALL
----------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Arturo Lopez-Nino appeals from his guilty-plea conviction for illegal reentry of a deported

alien, in violation of 8 U.S.C. § 1326. He argues that his sentence should be vacated and remanded

because the district court sentenced him under the mandatory guidelines scheme held unconstitutional

in *United States v. Booker*, 125 S. Ct. 738 (2005).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court committed "*Fanfan*" error by sentencing Lopez-Nino pursuant to a mandatory guidelines scheme. *See United States v. Walters*, 418 F.3d 461, 463-64 (5th Cir. 2005). Although Lopez-Nino contends that such error is structural, this argument is foreclosed by circuit precedent. *See id.* at 463.

The Government concedes that Lopez-Nino preserved his *Fanfan* claim. As such, this court reviews the claim for harmless error. *See id.* at 464. There is no indication in the record that the district court would have imposed the same sentence had the guidelines been advisory rather than mandatory. Accordingly, we VACATE the sentence and REMAND for resentencing in accordance with *Booker*.

Lopez-Nino also challenges the constitutionality of 8 U.S.C. § 1326(b). His constitutional challenge is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). Although Lopez-Nino contends that *Almendarez-Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez-Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez-Torres* remains binding. *See United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005). Lopez-Nino properly concedes that his argument is foreclosed in light of *Almendarez-Torres* and circuit precedent, but he raises it here to preserve it for further review. Accordingly, Lopez-Nino's conviction is AFFIRMED.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.