United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 6, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-41404
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

FRANCISCO GUTIERREZ-MENDEZ,

Defendant-
Appellant.

-------------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-911-ALL
-------------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Francisco Gutierrez-Mendez (Gutierrez) appeals the sentence imposed upon his guilty-plea

conviction for illegal reentry. 8 U.S.C. § 1326. Gutierrez argues that the district court reversibly

erred under *United States v. Booker*, 125 S. Ct. 738 (2005), by sentencing him pursuant to a

mandatory application of the Sentencing Guidelines.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

There was no "*Booker*" error or Sixth Amendment violation because the only enhancement to Gutierrez's sentence was for his prior conviction. *See Booker*, 125 S. Ct. at 756, 769. Nevertheless, the district court committed "Fanfan" error by sentencing Gutierrez pursuant to a mandatory guidelines scheme. *See United States v. Walters*, 418 F.3d 461, 463-64 (5th Cir. 2005).

The Government concedes that Gutierrez preserved his Fanfan claim. As such, this court reviews the claim for harmless error. *See Walters*, 418 F.3d at 464. This court has rejected the argument that a Fanfan error is structural. *See Walters*, 418 F.3d at 463.

There is no indication in the record that the district court would have imposed the same sentence had the guidelines been advisory rather than mandatory. The Government has not satisfied its burden of showing that the district court's Fanfan error was harmless beyond a reasonable doubt. *See Walters*, 418 F.3d at 463-64. Accordingly, we vacate the sentence and remand for resentencing in accordance with *Booker*.

Gutierrez argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional on their face and as applied in his case in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Gutierrez's constitutional challenge is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). Although Gutierrez contends that *Almendarez-Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez-Torres* in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez-Torres* remains binding. *See United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005). Gutierrez properly concedes that his argument is foreclosed in light of *Almendarez-Torres* and circuit precedent, but he raises it here to preserve it for further review. Accordingly, Gutierrez's conviction is affirmed.

This court need not address at this time Gutierrez's remaining argument challenging the district court's denial of his request for a downward departure. *See United States v. Akpan*, 407 F.3d 360, 377 n.62 (5th Cir. 2005).

AFFIRMED IN PART; VACATED AND REMANDED IN PART.