United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 8, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41459
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID LUGO-VALOIS,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-737-ALL
---------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

     David Lugo-Valois (Lugo) appeals his conviction and sentence
for illegal reentry following deportation.  Lugo argues that the
district court committed reversible error under United States v.
Booker, 543 U.S. 220 (2005), by sentencing him pursuant to a
mandatory application of the Sentencing Guidelines.  The
Government concedes that Lugo has preserved this issue for
appeal.  The Government, however, has not shown beyond a
reasonable doubt that the error was harmless.  See United States

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

v. Walters, 418 F.3d 461, 463-64 (5th Cir. 2005).  Accordingly, Lugo's sentence is vacated, and this case is remanded for resentencing.

He also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  Lugo's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Lugo contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Lugo properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.