United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 8, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 04-41703
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

JOSE CRISTOBAL GARCIA,

Defendant-Appellant.

-------------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CR-322-ALL
-------------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Cristobal Garcia appeals his sentence for illegal reentry into the United States following

deportation, 8 U.S.C. § 1326(a) and (b). Garcia argues that his sentence must be vacated and his

case remanded for resentencing because the district court committed reversible error by sentencing

him pursuant to a mandatory Sentencing Guidelines regime in light of *United States v. Booker*, 543

U.S. 220 (2005).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The district court's sentence pursuant to a mandatory guidelines scheme constitutes *Fanfan* error. *See United States v. Walters*, 418 F.3d 461, 463-64 (5th Cir. 2005). The Government thus bears the burden of proving beyond a reasonable doubt that the district court would have imposed the same sentence had the Guidelines been advisory only. *See id*. at 464. If the Government cannot show that the error was harmless, this court ordinarily will vacate and remand for resentencing. *Id*. at 463.

The sentencing transcript is silent with regard to whether the district court would have imposed the same sentence had the Guidelines been advisory and the Government so concedes. The Government cannot meet its burden. *See id*. at 464-66. Accordingly, we vacate Garcia's sentence and remand the case for resentencing.

Garcia also challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Garcia's constitutional challenge is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). Although Garcia contends that *Almendarez-Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez-Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez-Torres* remains binding. *See United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005). Garcia properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review. Accordingly, Garcia's conviction is affirmed.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.