United States Court of Appeals
Fifth Circuit

**F I L E D**

March 17, 2006

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

No. 04-41282
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVIER VILLELA-ESPINOSA,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(5:04-CR-693-ALL)

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Javier Villela-Espinosa appeals his conviction and sentence for illegal reentry following deportation. Villela claims the district court committed reversible error under *United States v. Booker*, 543 U.S. 220 (2005), by sentencing him pursuant to a mandatory application of the Sentencing Guidelines (*Fanfan* error). The Government concedes that Villela has preserved this issue for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal. Such error is not structural. ***United States v. Martinez-Lugo***, 411 F.3d 597, 601 (5th Cir. 2005).

On the other hand, the Government has *not* shown beyond a reasonable doubt that the error was harmless. *See* ***United States v. Walters***, 418 F.3d 461, 463-64 (5th Cir. 2005). Accordingly, Villela's sentence is vacated, and this case is remanded for resentencing.

Villela also asserts the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in the light of ***Apprendi v. New Jersey***, 530 U.S. 466 (2000). Villela's constitutional challenge is foreclosed by ***Almendarez-Torres v. United States***, 523 U.S. 224, 235 (1998). Although Villela contends that ***Almendarez-Torres*** was incorrectly decided and that a majority of the Supreme Court would overrule it in the light of ***Apprendi***, we have repeatedly rejected such assertions on the basis that ***Almendarez-Torres*** remains binding. *See* ***United States v. Garza-Lopez***, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005). Villela concedes his assertion is foreclosed in the light of ***Almendarez-Torres*** and circuit precedent; he raises it to preserve it for further review. ***CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING***