United States Court of Appeals
Fifth Circuit

**F I L E D**

April 11, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40862
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GABRIEL GUEL-ESCOBEDO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-1913-ALL
--------------------

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Gabriel Guel-Escobedo appeals from his guilty-plea conviction for reentry of a deported alien. For the first time on appeal, Guel-Escobedo argues that the district court erred by sentencing him under the mandatory sentencing scheme held unconstitutional in United States v. Booker, 543 U.S. 220 (2005), an argument that has been termed "Fanfan error." United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005). He also contends that Fanfan error is structural in nature.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Fanfan error meets the first two prongs of the plain error analysis but is not structural in nature. <u>United States v. Martinez-Lugo</u>, 411 F.3d 597, 600 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 464 (2005). Because Guel-Escobedo has failed to demonstrate that the sentencing judge would have reached a different result if an advisory sentencing scheme had been utilized, his claim of Fanfan error does not warrant relief. <u>See</u> <u>id.</u> at 601.

Guel-Escobedo's constitutional challenge is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998). Although Guel-Escobedo contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Guel-Escobedo properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

Accordingly, the district court's judgment is AFFIRMED.