United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 30, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-21010
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO JAVIER ARCHUNDIA,
also known as Francisco Archundia,
also known as Francisco Javier Archundia-Mendoza,
also known as Francisco Javier Archundia-Bustos,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
No. 4:04-CR-342-ALL
--------------------

Before SMITH, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Francisco Archundia appeals his conviction of and sentence for illegal reentry following deportation. He argues that the district court committed reversible error under United States v. Booker, 543 U.S. 220 (2005), by sentencing him pursuant to a mandatory application of the sentencing guidelines. The government argues that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Archundia has not preserved this issue for appeal, but because the district court, <u>sua sponte</u>, addressed the issue of the effect of <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), on the sentencing guidelines, we review the district court's "<u>Fanfan</u>" error under the harmless error standard of review.  See <u>United States v. Rodriquez</u>, 15 F.3d 408, 414 (5th Cir. 1994) (noting that the purpose of an objection is to bring an issue to the attention of the district court so that it "may correct itself and thus, obviate the need for [this court's] review")(internal quotation marks and citation omitted)); <u>see United States v. Rodriquez-Mesa</u>, 443 F.3d 397, 404 (5th Cir. 2006) (stating that a <u>Blakely</u> objection in the district court preserves a <u>Fanfan</u> error for appeal).

The government has not shown beyond a reasonable doubt that the error was harmless.  See <u>United States v. Walters</u>, 418 F.3d 461, 463-64 (5th Cir. 2005).  Accordingly, Archundia's sentence is vacated, and this case is remanded for resentencing.

Archundia argues that the district court erred in ordering, as a condition of supervised release, that he cooperate with collection of a DNA sample.  We determined that this issue is not ripe for review in <u>United States v. Riascos-Cuenu</u>, 428 F.3d 1100, 1102 (5th Cir. 2005), <u>petition for cert. filed</u>, (Jan. 9, 2006) (No. 05-8662).  Accordingly, the appeal of this issue is dismissed for want of jurisdiction.

Archundia's constitutional challenge to 8 U.S.C. § 1326(b) is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235

(1998).  Although Archundia contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi</u>, we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding.  <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Archundia properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING; APPEAL DISMISSED IN PART.