United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 27, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41308
Summary Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MARIO REYES-SOTELO,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-668-ALL
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Mario Reyes-Sotelo (Reyes) appeals his conviction and 41-month sentence for attempted illegal reentry. See 8 U.S.C. § 1326. Reyes argues that under United States v. Booker, 543 U.S. 220 (2005), his sentence must be vacated and his case remanded for resentencing. He asserts that the district court sentenced him pursuant to mandatory Sentencing Guidelines and that the error was not harmless. Reyes asserts, in addition, that § 1326(b) is unconstitutional.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court's sentence pursuant to a mandatory guidelines scheme constitutes <u>Fanfan</u> error. <u>See</u> <u>United States v. Walters</u>, 418 F.3d 461, 463-64 (5th Cir. 2005). The sentencing transcript is silent regarding whether the district court would have imposed the same sentence had the Guidelines been advisory. Thus, the Government has not met its burden of proving beyond a reasonable doubt that the district court would have imposed the same sentence under mandatory Guidelines. <u>See</u> <u>United States v. Zamora-Vallejo</u>, 470 F.3d 592, 595 (5th Cir. 2006)(internal quotations and citation omitted).

Reyes argues that § 1326(b) is unconstitutional. Reyes's constitutional challenge to § 1326(b) is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998). <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Reyes properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent and raises it here only to preserve it for further review.

Accordingly, we AFFIRM Reyes's conviction, VACATE his sentence, and REMAND the case for resentencing.